IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 1, 2021

## CURTIS THOMAS v. RHONDA L. GALLMAN

**Appeal from the Circuit Court for Knox County**
No. 148858          Kristi M. Davis, Judge[1]

_____

**No. E2020-00898-COA-R3-CV**
_____

A woman against whom the trial court granted an order of protection appeals the order of protection. The trial court granted the order based upon its finding that the woman, a former girlfriend of the petitioner, threatened the petitioner and his wife in a series of videos. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and THOMAS R. FRIERSON, II, J., joined.

Sherif Guindi, Knoxville, Tennessee, for the appellant, Rhonda Gallman.

Curtis Thomas, Knoxville, Tennessee, pro se.[2]

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

On May 20, 2020, Curtis Thomas filed a petition for an order of protection in the Knox County Circuit Court. In the petition, Mr. Thomas alleged that Rhonda Gallman was his ex-girlfriend and stated, "[she] continuously goes on social media to my job[,] my wife's job and any other place she thinks I am[,] [harassing] me and my family. She's threatened to wrap my wife's hair around her hand a[nd] [slap] the shit out of her." Mr. Thomas requested that the court order Ms. Gallman to have no contact with him and to "leave . . . [his] family alone." The magistrate denied a temporary order of protection and set the matter for hearing.

---

[1] Sitting by interchange.

[2] The appellee, Curtis Thomas, did not file an appellate brief and is not participating in this appeal.

At the hearing on May 28, 2020, the trial court heard testimony from Mr. Thomas, Ms. Gallman, and Mr. Thomas's wife, Ms. Billingsley,[3] and found that Ms. Gallman "made threats of physical violence" against Mr. Thomas. Neither party was represented by counsel. The court granted Mr. Thomas a one-year order of protection which required, *inter alia*, that Ms. Gallman have no contact with Mr. Thomas and prohibited Ms. Gallman from possessing firearms.

Ms. Gallman timely appealed and states these issues for our review:

1. Whether Mr. Thomas failed to set forth a claim for which relief could be granted.
2. Whether sufficient evidence was introduced at trial to warrant the granting of an order of protection against her.

ANALYSIS

Under Tenn. Code Ann. § 36-3-602(a), "Any domestic abuse victim . . . who has been subjected to, threatened with, or placed in fear of, domestic abuse, stalking, or sexual assault, may seek" an order of protection. A petitioner seeking an order of protection must establish domestic abuse by a preponderance of the evidence. Tenn. Code Ann. § 36-3-605(b). "Abuse" is defined, in relevant part, as "placing an adult or minor in fear of physical harm[.]" Tenn. Code Ann. § 36-3-601(1). A "domestic abuse victim" includes persons "who are dating or who have dated or who have or had a sexual relationship[.]" Tenn. Code Ann. § 36-3-601(5)(C). Thus, if Mr. Thomas proved by a preponderance of the evidence that he and Ms. Gallman had been in a dating or sexual relationship and that Ms. Gallman had placed him in fear of physical harm, the trial court properly granted the order of protection.

Ms. Gallman first argues that Mr. Thomas's complaint did not comply with Rule 8.01 of the Tennessee Rules of Civil Procedure because it "fails to properly make a claim for relief, as it does not allege domestic abuse against Thomas, himself." The record contains no evidence that Ms. Gallman made a motion in the trial court to dismiss Mr. Thomas's complaint for failure to state a claim. *See* Tenn. R. Civ. P. 12.02(6). Issues not raised before the trial court may not be raised for the first time on appeal. *See Taylor v. Beard*, 104 S.W.3d 507, 511 (Tenn. 2003). Therefore, we deem this issue waived.

Ms. Gallman next argues that Mr. Thomas did not present sufficient facts at trial to prove his claim against Ms. Gallman and, therefore, he should not have been granted the order of protection. She asserts that, "in order for [Mr.] Thomas to be a domestic abuse victim, he would have had to prove that his relationship with Appellant fit one or more of

---

[3] Ms. Billingsley's surname also appears in the record as "Billingsly."

the categories in Tenn. Code Ann. § 36-3-601(5)(A)-(E). [Mr.] Thomas simply did not prove this[.]"

We review the trial court's findings of fact de novo on the record of the trial court, accompanied by a presumption of the correctness of these findings, unless the evidence preponderates otherwise. TENN. R. APP. P. 13(d); *Kelly v. Kelly*, 445 S.W.3d 685, 691-92 (Tenn. 2014). We review questions of law, including those of statutory construction, de novo, with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

The record in this case is scant. Nonetheless, it is well established that our review is confined to the appellate record. *Duke v. Duke*, 563 S.W.3d 885, 906 (Tenn. Ct. App. 2018). No transcript of the May 28 hearing appears in the appellate record. Ms. Gallman moved to late-file a statement of evidence pursuant to Tenn. R. App. P. 24(c), and this Court granted her motion. Ms. Gallman prepared a statement of evidence, which the trial court found "d[id] not contain a fair, accurate, and complete account of what transpired at the hearing," and, therefore, ordered that the following statement of evidence be filed with this Court:

1.   The evidence at the hearing consisted of the testimony of Curtis Thomas, Kristy Billingsly, and Rhonda Gallman.
2.   In addition, Mr. Thomas and Ms. Billingsly produced video recordings of the Respondent that were directed to Mr. Thomas and Ms. Billingsly. The Respondent did not object to the introduction of the video recordings.
3.   The evidence established that Mr. Thomas and Ms. Billingsly are married.
4.   Mr. Thomas had been incarcerated and was released from prison shortly before he and Ms. Billingsly took out Orders of Protection.
5.   Mr. Thomas and Ms. Gallman had previously had a relationship, and Ms. Gallman believed the relationship was ongoing and would continue after Mr. Thomas's release from prison.
6.   Apparently dissatisfied with the demise of her relationship with Mr. Thomas and his relationship with Ms. Billingsly, Ms. Gallman threatened Mr. Curtis [Thomas] and Ms. Billingsly with physical violence in a series of strange videos that were directed to Mr. Curtis [Thomas] and Ms. Billingsly.
7.   The videos were threatening, harassing, and bothersome to Mr. Thomas and Ms. Billingsly.

In his petition, Mr. Thomas describes Ms. Gallman as his "ex-girlfriend."[4]  Based on the evidence presented at the hearing, the trial court found that Mr. Thomas and Ms. Gallman "had previously had a relationship," that Ms. Gallman threatened Mr. Thomas with physical violence in "a series of strange videos," and that Mr. Thomas found the videos "threatening, harassing, and bothersome."  In order "'[f]or the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect.'" *Hixson v. Am. Towers, LLC*, 593 S.W.3d 699, 709 (Tenn. Ct. App. 2019) (quoting *Dorning v. Bailey*, 223 S.W.3d 269, 272 (Tenn. Ct. App. 2007)). The record contains no evidence that would preponderate against the trial court's findings, and none that supports other findings with greater convincing effect.

To grant an order of protection, the court must find, by a preponderance of the evidence, that the petitioner is a "domestic abuse victim . . . who has been subjected to, threatened with, or placed in fear of, domestic abuse, stalking, or sexual assault."  Tenn. Code Ann. § 36-3-602(a).  The trial court's factual findings demonstrate that Mr. Thomas was a domestic abuse victim, that he and Ms. Gallman were formerly in a relationship, and that she threatened him, putting him in fear of physical harm.  *See* Tenn. Code Ann. § 36-3-601(1), (5)(C). Accordingly, we affirm the trial court's grant of an order of protection to Mr. Thomas against Ms. Gallman.

CONCLUSION

The judgment of the trial court is affirmed.  Costs of this appeal are assessed against the appellant, Rhonda L. Gallman, for which execution may issue if necessary.

_/s/ Andy D. Bennett_____
ANDY D. BENNETT, JUDGE

---

[4] Ms. Gallman filed no response to the petition.